Greg Harton, Editor Northwest Arkansas Times
212 N. East Avenue Fayetteville, Arkansas 72701
Dear Mr. Harton:
I am writing in response to your request, made pursuant to A.C.A. § 25-19-105(c)(3)(B)(i), which is contained within the Arkansas Freedom of Information Act (the "FOIA"), A.C.A. §§ 25-19-101 — 109 (Repl. 2002 and Supp. 2009), for my opinion regarding the provisional decision of the custodian of records of the Washington County Sheriff's Office to withhold from disclosure various records reflecting disciplinary actions relating to two employees of the Sheriff's office.
Your request follows in the wake of my response to two requests addressed in Ops. Att'y Gen. Nos. 2011-078 and 2011-083, in which I reviewed the custodian's provisional decisions with regard to records relating to the two individuals whose disciplinary records are now at issue. Attached to the previous requests were various records, none of which related to the disposition of a federal lawsuit that reportedly involved the two subjects of your current request.
Having reviewed the various exchanges between the custodian and the media, I gather that the custodian concedes that the requested documents would be subject to disclosure under the standard applicable to employee evaluation/job performance records. The custodian is disinclined to release the records, however, based upon a court order approving a settlement agreement among the parties to the federal lawsuit referenced in my previous opinions. Specifically, at issue is the possible application of A.C.A. § 25-19-105(b)(8), which exempts from disclosure "[d]ocuments that are protected from disclosure by order or rule of court." The custodian appears to be concerned about two issues — first, whether he must honor the parties' purported agreement to withhold any documents relating to the initial *Page 2 
termination decisions; and, secondly, whether the court's order tentatively approving the settlement agreement in itself bars the custodian from providing access to the requested records.
With respect to the first of these questions, the Washington County Attorney reportedly rejected your reporter's request on June 21, 2011, citing as his reason that "we cannot release it without being in violation of the settlement agreement." As I noted in Opinion No. 2011-083, the parties' agreement, if any, purporting to keep from disclosure records that would otherwise be accessible under the FOIA is in itself immaterial. Without repeating my previous analysis, I will again point out that parties to litigation cannot sidestep the liberal disclosure provisions of the FOIA by simply agreeing among themselves to withhold public records, subject to what in certain instances might well be a merely pro forma approval by the court.[1]
With respect to the second of these questions, the custodian must base his or her decision regarding disclosure upon whether the court expressly ruled that certain documents be withheld, thereby triggering the application of A.C.A. § 25-19-105(b)(8). In this regard, the court's order approving the settlement agreement makes no reference whatsoever to any documents to be withheld from production — an omission I consider as rendering inapplicable the exemption from disclosure set forth at A.C.A. § 25-19-105(b)(8).[2] *Page 3 
This conclusion appears consistent with that offered by Professors Watkins and Peltz in their treatise on the FOIA:
 Interpreting subsection (b)(8), the Court has made plain that the order or rule must specifically require confidentiality and that any ambiguity will be resolved in favor of disclosure. It is also clear that courts may issue orders that affect not only judicial records, but also those of state agencies and other entities subject to the FOIA. Some questions remain, however, as to the circumstances under which such a protective order is appropriate.[3]
The order simply acknowledges the fact of a settlement having occurred following the conduct of a settlement conference.[4] It is questionable, given the language of *Page 4 
the order, whether the court even reviewed the written settlement order, much less whether it conducted any sort of independent review that might appropriately prompt it to characterize certain public records as beyond public scrutiny. Under these circumstances, I cannot characterize the court's order as being of the sort that directs the nondisclosure of requested documentation.
The custodian may, of course, petition the court to clarify the scope of its order. Absent such clarification, however, I believe the liberal standard for disclosure discussed in my previous opinions militates against withholding requested documents in this instance based upon A.C.A. § 25-19-105(b)(8). Assuming the custodian determines that the requested records have not been sequestered by court order, his or her charge must be to review the records under the standard for the disclosure of employee evaluations or job performance records discussed in Opinion No. 2011-078. It is my understanding that the custodian has concluded that the records would be subject to disclosure under this standard — a conclusion I have no reason to question.[5]
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
DM/JHD:cyh
[1] I will note for the record, that, notwithstanding the statement in your current submission that you have "attached a pdf version of the written settlement," this office has not received a copy of the written settlement agreement after four submissions by you and the custodian. You submitted various documents in conjunction with your latest request. Three of these documents contained only indecipherable html tag information. It may be that one of these three documents was the settlement agreement. In any case, as discussed in my text, I do not consider my review of the settlement agreement in any sense crucial to my determination whether a court order sealing records exists.
[2] The court's order approving the settlement reads as follows:
 On May 5, 2011, the above-named parties entered into a settlement agreement after participating in a settlement conference conducted by the undersigned. Accordingly, it is hereby ORDERED that the case, and it is hereby, DISMISSED WITH PREJUDICE, subject to the terms of the settlement agreement.
 The Court retains jurisdiction to vacate this order and to reopen the action upon cause shown that settlement has not been completed and that a party wishes this court to enforce the settlement agreement specifically.
 IT IS SO ORDERED this 6th day of May, 2011.
[3] John J. Watkins Richard J. Peltz, THE ARKANSAS FREEDOM OF INFORMATION ACT, (Arkansas Law Press, 5th ed. 2009), at 154-55.
[4] You summarize the following as having occurred during a settlement conference conducted prior to the execution of the settlement agreement itself:
 As part of the verbal portion of proceedings, all parties agreed to a non-disparagement clause that barred further comment by the parties of the lawsuit regarding any of the other parties of the lawsuit. It also included the following language, hashed out by the county and the plaintiffs, as stated by [the magistrate] in the recordings:
 • The plaintiffs['] employment records will be redacted to show that they resigned, not that they were terminated.
 • If any inquiries are made with the sheriffs department, the only thing that may be said are the dates of plaintiffs' employment, their duties, their position and the date of their resignations.
(Footnote omitted.)
Although the tape of the magistrate's two settlement conferences indeed contains the above characterizations of the parties' intended agreement, I have no idea whether the settlement agreement indeed incorporates the two conditions discussed in the settlement conferences. It may be worth noting, in this regard, that you report the settlement agreement "does not contain the language referencing the conversion of the terminations to resignations." Assuming this to be the case, it would appear to be all the more a stretch to read the court's order as tacitly directing that all records relating to the terminations be withheld.
[5] I will assume that the custodian has further reviewed the disclosure determination in light of the constitutional right to privacy articulated in McCambridge v. City of Little Rock,298 Ark. 219, 766 S.W.2d 909 (1989). Under this standard, the right of privacy applies to personal matter that (1) an individual wants to keep and has kept confidential; (2) can be kept confidential in the absence of governmental disclosure of the information; and (3) would be harmful to a reasonable person if disclosed. If these conditions are satisfied, the question becomes "whether the governmental interest in disclosure" outweighs the individual's "privacy interest in the nondisclosure of the personal matters."Id. at 230-31.